# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE:    ETHICON, INC.
            PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO CIVIL ACTION NUMBERS:

| | | |
|---|---|---|
| Musewicz, et al. v. Ethicon, Inc., et al. | 2:13-cv-26024 | Docket 12 |
| Hammons v. Ethicon, Inc., et al. | 2:13-cv-26259 | Docket 11 |
| Delacruz, et al. v. Ethicon, Inc., et al. | 2:13-cv-26032 | Docket 10 |

## MEMORANDUM OPINION AND ORDER
### (Plaintiffs' Motions for Remand)

Pending before the court is Plaintiffs' Motion for Remand [Docket 12].[1] The defendants have responded [Docket 17] and the plaintiffs have replied [Docket 24], and the motion is ripe for review. For the reasons set forth below, Plaintiffs' Motion for Remand [Docket 12] is **GRANTED**.

### I. Background

This multidistrict litigation involves surgical mesh products manufactured and sold by the defendants, Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") to treat pelvic organ prolapse and stress urinary incontinence. Each of the cases at issue was filed in the Court of Common Pleas of Philadelphia and removed by the defendants to the Eastern District of Pennsylvania. After removal, the cases were transferred to this court by the Judicial Panel on

---

[1] Docket numbers and dates cited herein refer to the documents in the *Musewicz* case. Substantively identical motions are also pending in *Hammons* [Docket 11] and *Delacruz* [Docket 10], and this Memorandum Opinion and Order applies to those cases as well.

Multidistrict Litigation for pretrial disposition. The plaintiffs then moved to remand the cases to the Court of Common Pleas of Philadelphia.

In their notice of removal, Ethicon argued that defendants Secant Medical, Inc., Secant Medical LLC and Prodesco, Inc. (collectively "Secant") were fraudulently joined. The plaintiffs now contest removal, arguing that Secant is a proper party to the actions.

## II.   Legal Standard

### A.  Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pre-trial motions. In multidistrict litigation cases such as this, the choice-of-law for these pre-trial motions depends on whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3866 (3d ed. 2009). This is in accordance with the law in this circuit. *See Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 1998) ("[T]his court cannot and does not apply the law of another circuit simply because the case was transferred from the other circuit.").

The Honorable Shira A. Scheindlin has made a similar observation that the law of the transferee circuit applies:

> [C]ourts have held that the law of the transferee circuit controls pretrial issues such as whether the court has subject matter or personal jurisdiction over the action, *or whether the cases should be remanded to state court because the cases were not properly removed*.

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y.

2

2007) (footnote omitted) (emphasis added). Judge Scheindlin's observation, as noted in her opinion, reflects the general approach. *See*, *e.g.*, *In re Linerboard Antitrust Litig.*, No. 04 Civ. 4001, MDL 1261, 2005 WL 1625040, at *4 (E.D. Pa. July 11, 2005) (applying the law of the Third Circuit on a motion to dismiss for lack of subject matter jurisdiction); *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 256 F. Supp. 2d 884, 888 (S.D. Ind. 2003) (applying the law of the Seventh Circuit on a motion for remand to state court). In consideration of the foregoing, the Fourth Circuit's law will apply to the motion to remand to state court.

### B. Removal and Fraudulent Joinder

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree.' We presume 'that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Id.* For removal from state court to federal court to be proper, the federal court must possess original jurisdiction over the case. 28 U.S.C. § 1441(a) (2012); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998); *see also* 28 U.S.C. § 1332(a).[2] However, the judicially created fraudulent joinder doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

### III. Analysis

Ethicon argues that Secant was fraudulently joined in this action because it is immune to liability under the Biomaterials Access Assurance Act, 21 U.S.C. § 1601 *et seq.* (the "B.A.A.A."). The B.A.A.A. exempts biomedical suppliers of implant component parts from liability. *Id.* at § 1604(a). The plaintiffs dispute whether Secant is a "biomedical supplier" under the B.A.A.A., as well as whether the product produced by Secant is a "component part" of the implant produced by Ethicon.

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact

---

[2] In *Musewicz*, the issue is diversity of citizenship, while in *Hammons* and *Delacruz*, the issue is the home state defendant rule. However, the fraudulent joinder analysis remains the same in both instances. *See generally* 28 U.S.C. § 1332; 28 U.S.C. § 1441.

4

in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (internal citations omitted).

Here, Ethicon has not met its heavy burden. It has demonstrated that the B.A.A.A. *may* bar the plaintiffs' claims against Secant. However, the plaintiffs have presented evidence that the B.A.A.A. may not be applicable to Secant. The evidence presented by the plaintiffs, along with the dearth of case law interpreting the B.A.A.A., make it difficult to determine whether the B.A.A.A. is applicable to Secant. "Because all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists, a truly 'novel' issue such as this cannot be the basis for finding fraudulent joinder. The very fact that courts may differ in their resolutions of this issue shows there is a possibility of recovery." *Hartley*, 187 F.3d at 425. That the defendants may ultimately be successful in dismissing Secant from the case does not change this analysis. "A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993); *see also Walters v. Holiday Motor Corp.*, No. 7:12-CV-00011, 2012 WL 5465012, at *1 (W.D. Va. May 21, 2012) ("If a court finds even a 'slight possibility of a right to relief' or a 'glimmer of hope' for the plaintiff, the matter should be remanded because the question of whether a cause of action exists against a non-diverse party is a state law issue to be decided by a state court.") (citing *Hartley*, 187 F.3d at 425-26).

Ethicon also argues that removal is proper because the complaints fail to state a claim against Secant. This argument is without merit. As stated above, the standard for fraudulent joinder is more favorable to the plaintiff than the standard for failure to state a claim. *See Hartley*, 187 F.3d at 424. "[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under

Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

In sum, I **FIND** that Secant was not fraudulently joined and that these actions should be remanded to the Court of Common Pleas of Philadelphia.

### IV.     Conclusion

Based upon the foregoing, it is **ORDERED** that the plaintiffs' motions to remand in each of the above-captioned cases (*Musewicz*, 2:13-cv-26024 [Docket 12], *Hammons*, 2:13-cv-26259 [Docket 11], and *Delacruz*, 2:13-cv-26032 [Docket 10]) are **GRANTED**. Because I have determined that remand is necessary, I need not rule on other pending motions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the Clerk of the Court of Common Pleas of Philadelphia.

ENTER:    December 19, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE